UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

NATIONAL LABOR RELATIONS BOARD,

                Applicant

    v.                                Case No. 0:18-mc-61507

RASHELLE ROWE,

                Respondent.

### APPLICATION OF THE NATIONAL LABOR RELATIONS BOARD FOR ORDER REQUIRING COMPLIANCE WITH SUBPOENA

The National Labor Relations Board (the "Board"), an administrative agency of the Federal Government, applies to this Court for an order compelling compliance with an administrative subpoena that the Board issued and served on Respondent Rashelle Rowe ("Respondent"). This application is similar to the application that the Board filed, and this Court (Fort Lauderdale Division) expeditiously granted, in an earlier subpoena enforcement case initiated by the Board. *See NLRB v. Rowe*, No. 16-mc-61786-CMA (S.D. Fla. August 4, 2016) (Doc. No. 4.) That earlier case and the instant case both involve failure to comply with a subpoena issued in connection with the same investigation being conducted by the Board.[1]

The Board's application, which is accompanied by a supporting memorandum, is made under Section 11(2) of the National Labor Relations Act, as amended (the "Act"), 29 U.S.C. §

---

[1] The Board also sought, and recently obtained from this Court (Miami Division), an order enforcing subpoenas issued to another witness in the same investigation. *See NLRB v. Pinheiro*, No. 17-mc-21254-MGC (S.D. Fla. June 19, 2018). The order (Doc. No. 19) required the witness to appear and submit to a deposition before the Board and to produce documents requested by the Board.

161(2). In support of this application the Board states as follows:

1.  The Board is an administrative agency of the United States Government created by the Act, and empowered to administer the provisions of the Act, including the issuance of subpoenas in furtherance of its investigation of matters within its jurisdiction. Section 11(2) of the Act, *supra*, confers jurisdiction upon the United States district courts, upon application of the Board, to order compliance with those subpoenas.

2.  Respondent is an individual whose last known residence is 4139 Artesa Drive, Boynton Beach, Florida 33069, an address within this judicial district. Respondent is president of Allied Medical Transport, Inc. ("AMT"), a domestic corporation engaged in the business of medical transportation within this judicial district and incorporated under the laws of the United States and the State of Florida, with an office at 2710 Blount Road, Pompano Beach, FL 33069, an address within this judicial district. (Exhibit A.)[2]

3.  This application arises in the course of the Board's investigation into whether AMT is in civil contempt of a judgment entered on December 7, 2015, by the United States Court of Appeals for the Eleventh Circuit in *NLRB v. Allied Medical Transport, Inc.* (No. 14-15033). (Exhibit B.) The Eleventh Circuit's judgment enforced a Decision and Order of the Board issued on July 2, 2014 (360 NLRB No. 142) (Exhibit C) requiring AMT, in part, to reinstate two unlawfully discharged employees to their former jobs and to make them whole for any loss of earnings or benefits suffered as a result of the discrimination against them. *Id.* at *6 and *7.

---

[2] Although Exhibit A indicates that AMT has dissolved, the Board, as part of its contempt investigation (see ¶ 3 below), is looking into the possibility that the company may still be operating or operating under a new name to avoid complying with a circuit court judgment entered against it.

6. On May 22, 2018, the Board issued Subpoena A-1-11ANUI3 directing Respondent to appear on June 19, 2018 for a deposition before the Board at the Broward County Judicial Complex, 201 SE 6th Street, Fort Lauderdale, Florida.[3] (Exhibit D.) The subpoena was delivered by UPS Overnight Delivery to the aforementioned Artesa Drive address on May 23, 2018.  (Exhibit E.)

7. At 6:20 p.m. on June 18, 2018, the day before Respondent's scheduled deposition was to occur at 9:00 a.m., the Board was informed for the first time by an attorney, J. Freddy Perera, of the law firm Perera Barnhart, that he would "likely" be engaged as counsel by Respondent that evening and requested a rescheduling of her deposition (without proposing any dates of his own). (Exhibit F, p 1)

8. On the morning of June 19, 2018, Respondent appeared for her deposition with her counsel, Waynice Green, an attorney with Perera Barnhart. However, attorney Green informed counsel for the Board, on the record, that she was advising Respondent "not to answer any questions today as far as her deposition is concerned." (Exhibit G, Transcript at p. 5, lines 4-6.) Attorney Green stated that Respondent was not going to go forward with her deposition, because Perera Barnhart was just retained last week and had not had time to meet with the Respondent client.  (*Id.,* Transcript at p. 4, lines 20-25.)  Attorney Green also cited the hospitalization of Freddy Perera, principal of Perera Barnhart, as the basis of her client's refusal

---

[3] The Board had issued a subpoena duces tecum to Respondent last year, on January 30, 2017, requiring Respondent to produce certain AMT records to the Board. The Board chose not to enforce that subpoena in district court, because it was informed that Respondent had, around the time the subpoena was issued, purportedly left the country and was residing in Kingston, Jamaica.

to move forward with the deposition (*id.*, Transcript at p. 5, lines 4-20).[4] Counsel for the Board objected on the record to Respondent's request for postponement of the deposition on the grounds that the agency had already expended resources to send attorneys to Florida, and stated that the Board will pursue subpoena enforcement in court. (*Id.*, Transcript at p. 6, lines 8-12).

9. In a good faith effort to avoid the expense of having to make another trip to Florida to depose Respondent, counsel for the Board contacted Mr. Perera on the morning of June 21, 2018, and asked if his client would be available on the morning of June 22, 2018, to be deposed. In response, Mr. Perera sent an email stating: "Unfortunately, I was unable to accommodate the Board's request this morning to have Ms. Rashelle Rowe sit for her deposition tomorrow. I apologize for any inconvenience the Board may have experienced this week." (Exhibit H.) Mr. Perera provided no further explanation as to why Respondent could not appear on Friday and be deposed.

10. Although Section 11(1) of the Act, § 29 U.S.C. 161(1), provides that a person subpoenaed may seek to have the subpoena revoked by filing a petition to revoke within five days of service of the subpoena, *and those requirements are summarized on the face of the subpoena served on Respondent*, no petition to revoke the subpoena at issue here was ever filed.

11. As noted previously, Section 11(2) of the Act, specifically authorizes the Board to make an "application" to the district court for a summary disposition of the Board's application to enforce the Board's subpoenas. The Board's application is a dispositive matter, not a pre-trial civil discovery matter in district court. "It is significant that the statute calls for an "application"

---

[4] It appears that Ms. Green misspoke. In a prior telephone conversation with counsel for the Board Green stated that Mr. Perera's wife, not he, had been hospitalized in connection with the birth of a child.

rather than a petition, an "order" rather than for a judgment, and that it details no other procedural steps." *Goodyear Tire & Rubber Co. v. NLRB*, 122 F.2d 450, 451 (6th Cir. 1941).

12. Respondent's failure and refusal to submit to a deposition before the Board has impeded and continues to impede the Board in its investigation of the matters before it and has prevented the Board from carrying out its duties and functions under the Act.

WHEREFORE the applicant, National Labor Relations Board, respectfully prays that this Court enter an order forthwith:

(1) Granting enforcement of Board Subpoena A-1-11ANUI3 and requiring Respondent Rashelle Rowe, within ten (10) calendar days following service of the order upon her or her counsel, appear and submit to a deposition before the Board at a time, place, and location provided by the Board;

(2) Requiring Respondent to reimburse the Board for any costs it will incur in sending one of its attorneys to Florida (and back) to take Respondent's deposition, which shall be limited to the cost incurred in the purchase of a round-trip airline ticket, any appearance fee charged to the Board by a court reporter retained by the Board, the cost of reserving a conference room in which to take Respondent's deposition, as well any lodging costs not to exceed one night; and

(3) Granting the applicant, National Labor Relations Board, such other and further relief as may be necessary and appropriate.

Respectfully submitted,

NATIONAL LABOR RELATIONS BOARD

s/Aaron D. Samsel
AARON D. SAMSEL

        Trial Attorney
Aaron.Samsel@nlrb.gov
202-273-3839

DAVID MORI
Supervisory Attorney
David.Mori@nlrb.gov
202-273-3743

Contempt, Compliance and
   Special Litigation Branch
National Labor Relations Board
1015 Half St. SE
Washington, DC 20003

Dated:      July 3, 2018
              Washington, D.C.

CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Application for Order Enforcing Subpoenas Duces Tecum, Memorandum in Support, and Proposed Order were filed electronically with the Court's CM/ECF system this 3 day of July, 2018.  On this same day, copies of these documents were sent to Respondent's counsel, J. Freddy Perera, by email at freddy@pererabarnhart.com, and by UPS Next Day Air to:

>J. Freddy Perera
>12555 Orange Drive
>Second Floor
>Davie, Florida 33330

>s/ Aaron Samsel
>AARON SAMSEL
>Trial Attorney
>National Labor Relations Board